

**ROBERT A. SPOLZINO**
Executive Partner
rspolzino@abramslaw.com

January 6, 2022

**BY ECF**

Honorable Robert D. Drain
United States Bankruptcy Judge
Southern District of New York
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

  Re: *Congregation Radin Development Inc. v. Henig*, Adv Proc. No. 21-7030 (RDD)

Dear Judge Drain:

  We represent the plaintiffs in the above adversary proceeding and I write this correspondence to briefly reply to Mr. Levine's correspondence filed yesterday.

  Procedurally speaking, while Mr. Levine insists on arguing his summary judgment motion in correspondence to this Court, plaintiffs are attempting to conduct discovery in the limited time frame given to do so. Mr. Levine asks this Court to take his word that "[t]here is no realistic manner in which Plaintiffs can possibly prevail here" and thus, according to his personal opinion, there is "no rational basis for any depositions of any of the [named party] Defendants." Fortunately, there are rules of procedure that authorize otherwise. Fed. R. Bankr. P. 7027 specifically provides that Rule 30 of the Federal Rules of Civil Procedure (FRCP) apply in adversary proceedings. FRCP Rule 30 provides that "the court must grant leave" to conduct depositions to the extent consistent with FRCP Rule 26(b)(1) and (2). While FRCP Rule 26(b)(1) and (2) provides for limitations in discovery, here no discovery except for initial disclosures has taken place. Indeed, plaintiffs' subpoenas duces tecum were also summarily rejected by defendants. Critically though, while FRCP Rule 26(b)(2) provides for a limitation on the number of depositions or on the length of depositions, it does not provide for a complete prohibition on conducting depositions.

  Substantively, Mr. Levine also misses the point of this case and my statement to this Court. While he claims that he provided a document, Deft – 0105, as is evident by the document itself, it is utterly distorted and unreadable. Doc. 59-1. However, the one thing that is readable is the named defendant's, Yehudah Bluminfeld's, name. While Rabbi Aryeh Zaks declared and affirmed to the Court in his December 13, 2019 declaration that he was "not a trustee, or officer in the corporation, [and] had no control of the real estate. . . . ," this document (Deft – 0105) purports to claim that Rabbi Aryeh Zaks was made the Grand Rabbi of the corporation for life. If he was made Grand

Rabbi, pursuant to the corporation's bylaws, he was a member of the Board of Trustees. Thus, he was either making false representations to this Court in his December 13, 2019 declaration or, the document that purports to make him Grand Rabbi is not what it purports to be. Either way, this is the exact reason why discovery in this case is necessary and warranted. The credibility and veracity of the named defendants and their claims, defenses and counterclaims, is always and obviously a "matter that is relevant" and within "the scope of discovery" as provided by the federal rules of civil procedure. *See* FRCP 26(b)(1). Instructively, FRCP 26(b)(1) specifically indicates that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." While Mr. Levine does not believe that a named defendant's execution of an agreement which is belied by a declaration submitted to this Court, is relevant to this proceeding, the federal rules of civil procedure provide otherwise.

For all the reasons initially stated and for those set forth herein, we respectfully request that the Court schedule a conference to address these discovery issues or, without a conference, authorize the plaintiffs to move to compel the depositions of the defendants and enlarge the deadline to complete discovery so that those depositions may be held.

Respectfully yours,

Abrams Fensterman, LLP
*Attorneys for Plaintiffs*

/s/*Robert A. Spolzino*

Robert A. Spolzino

cc:    All counsel (BY ECF)