# Levine & Associates, P.C.
## Attorneys-at-Law

**15 Barclay Road**
**Scarsdale, New York 10583**
**e-mail: ml@LevLaw.org**
**Fax (914) 725-4778**
**Telephone (914) 600-4288**

January 7, 2022

**Via ECF and email**

Hon. Robert D. Drain
U.S. Bankruptcy Court
300 Quarropas Street
White Plains, NY 10601-4140

<u>*RE: CRDI v. Henig, et. al.*
*(21-7030)*</u>

Dear Judge Drain:

The undersigned is counsel to certain of the Defendants in the above-referenced adversary proceeding. I saw this morning the letter filed by Mr. Spolzino yesterday evening (which, for some reason, he did not send me an email copy of). I make only two points. First, Rule 30 of the Fed. R. Civ. P. – cited by Mr. Spolzino – which unquestionably permits depositions taking place in a case. What he fails to cite is Rule 26(b) entitled "Discovery Scope and Limits." Subsection (b)(1) – the Prime Directive for discovery in federal court cases – provides that "the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter *that is relevant to any party's claim or defense* and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit" (emphasis added). Here, we have *repeatedly* established that the *only* issue in this case is whether or not *the Plaintiffs* became trustees of CRDI by virtue of a purported vote by congregants of Mosdos in May of 2021. Who the trustees were prior to that date, or what Rabbi Aryeh purportedly "represented" in 2019, is *completely* and unquestionably irrelevant to that inquiry, and Plaintiffs have not even addressed (let alone rebutted) that reality.

Secondly, Defendants' Rule 26(a) disclosure and production took place on November 24, 2021. I received no objection to the same from Mr. Spolzino, nor any contention whatsoever that *any* of the 472 documents produced were purportedly illegible. For Mr. Spolzino to now contend – some 44 days later and after he represented yesterday that he had not received the document *at all* – that it was "unreadable" is (aside from being inaccurate) unpersuasive. Moreover, if there is some contention that Rabbi Aryeh made a 2019 "misrepresentation" that Mr. Spolzino claims was somehow relevant to whether the Mosdos congregants' purported meeting of May 25, 2021 was binding on CRDI, the deposition of Rabbi Aryeh could have been notice and we would not have objected to the same. It was not.

**Levine & Associates, P.C.**
**Attorneys-at-Law**

**Hon. Robert D. Drain**
**Page 2**                                                                                                   **January 7, 2022**

We stand by our resistance to the entirely unnecessary depositions that Plaintiffs supposedly seek in this case.

Thank you for your attention.

                                        Respectfully,

                                        *Michael Levine*

                                        MICHAEL LEVINE

cc.     Robert Spolzino, Esq. (via email)
       Tracy Klestadt, Esq. (via email)